IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAN GOODRICK, | |
| Plaintiff, | Case No. 1:21-cv-00487-BLW |
| vs. | **INITIAL REVIEW ORDER BY SCREENING JUDGE** |
| DIRECTOR IDOC JOSH TEWALT, et al., | |
| Defendants. | |

The Complaint of Plaintiff Dan Goodrick was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff may proceed in part.

## BACKGROUND

Plaintiff is an inmate in the custody of the Idaho Department of Correction (IDOC). He entered into a settlement agreement with IDOC employees permitting him to have access to religious oils to practice his Gnostic Catholic religion. He now asserts that he is unable to purchase the right kinds of oils or any religious books because of a new policy that all religious items must be purchased through the Commissary, which stocks only certain items.

INITIAL REVIEW ORDER BY SCREENING JUDGE -1

## REVIEW OF COMPLAINT

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915. The Court must dismiss a complaint or any portion thereof that states a claim that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### 1. Antitrust Claim

Plaintiff asserts that IDOC officials and the prison commissary contractor are engaging in an unlawful monopoly because the IDOC requires prisoners to purchase all religious items from the commissary. The Sherman Antitrust Act makes it unlawful to "monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States".

15 U.S.C.A. § 2. Pursuant to *Parker v. Brown*, 317 U.S. 341, 350–52 (1943), the Sherman Anti–Trust Act does not apply to the operation of a state agency, such as the IDOC. *See id.* at 350–51 ("We find nothing in the language of the Sherman Act or in its history which suggests that its purpose was to restrain a state or its officers or agents from activities directed by its legislature."). Accordingly, Plaintiff may not proceed on this claim.

INITIAL REVIEW ORDER BY SCREENING JUDGE -2

### 2.  Fourteenth Amendment Due Process Claims: Books

Plaintiff asserts that he had the due process right to be notified before his religious books from an unapproved vendor were returned to the vendor, pursuant to the new prison policy. However, personal property claims of persons involving a government official generally do not implicate the United States Constitution, whether the acts are negligent or intentional. The "Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). And the intentional destruction of personal property by prison officials will not support a due process claim under § 1983 if the prisoner has an adequate remedy under state law. *See Hudson v. Palmer*, 468 U.S. 517 (1984).

Idaho has adopted the Idaho Tort Claims Act (ITCA), Idaho Code § 6-901, *et seq.*, to provide a remedy for citizens injured by the tortious acts of governmental entities, officials, and employees. As a general rule, citizens can sue for and recover monetary damages from Idaho governmental entities for damages arising out of negligent or otherwise wrongful acts or omissions of the entity and its employees acting within the course and scope of employment. Idaho Code § 6-903(a).

The ITCA spells out several exceptions that shield the governmental entity from liability for certain types of negligent and willful acts ("immunity") and that shield governmental employees from liability for certain types of negligent acts. For example,

INITIAL REVIEW ORDER BY SCREENING JUDGE -3

neither governmental entities nor the persons they employ can be held liable for acts that arise out of "the detention of any goods or merchandise," so long as the acts were done "without malice or criminal intent and without gross negligence or reckless, willful and wanton conduct." Idaho Code § 6-904B(1). In other words, there is no remedy for negligent or otherwise wrongful governmental detention of property so long as it does not constitute a malicious act, criminal behavior, gross negligence, recklessness, or willful and wanton action. In practical terms, this means that liability attaches only to the *individual* employee (rather than the governmental entity) when his or her acts are "committed maliciously or with criminal intent." *Limbert v. Twin Falls County*, 955 P.2d 1123, 1125 (Idaho 1998); *Herrera v. Conner*, 729 P.2d 1075, 1085 (Idaho Ct. App. 1986).

Applying these principles to Plaintiff's claims in this case, the Court concludes that, to the extent Plaintiff alleges negligence or creation and adherence to a prison policy as the basis for the return of his books, Plaintiff has no due process claim under § 1983, because a constitutional claim requires wanton or malicious intent, not present when a person creates or follows a prison policy regarding personal property. To the extent Plaintiff alleges that officials recklessly or intentionally withheld or returned his property, he has (or had) a potential state law remedy against the governmental employees in their individual capacities; as a result, § 1983 liability does not arise for such acts because there is an adequate state law remedy. Plaintiff may not proceed on a due process theory

INITIAL REVIEW ORDER BY SCREENING JUDGE -4

regarding his rejected books.

### 3. Fourteenth Due Process Claim: Settlement Agreement

The Supreme Court has held that "[p]rotected liberty interests may arise from two sources-the Due Process Clause itself and the laws of the States*." Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (quotation marks omitted). The Ninth Circuit has held that a consent decree can create a protected liberty interest because a state voluntarily enters into such an agreement, making any right established under it "by any meaningful measure state-created." *Smith v. Sumner*, 994 F.2d 1401, 1406 (9th Cir. 1993). The Court will liberally construe Plaintiff's claim and permit him to proceed on the theory that the prior settlement agreement with IDOC officials regarding his religious oils created a protected liberty interest. The Court does not decide that question now, but finds merely that Plaintiff has an arguable claim under that theory.

### 4. First Amendment Claim

The First Amendment free exercise of religion clause absolutely protects the right to believe in a religion, but it does not absolutely protect all conduct associated with a religion. *Cantwell v. Connecticut*, 310 U.S. 296 (1940). Inmates clearly retain their free exercise of religion rights in prison. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). However, challenges to prison restrictions that are alleged "to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system, to whose custody and care the prisoner has been committed in

INITIAL REVIEW ORDER BY SCREENING JUDGE -5

accordance with due process of law." *Jones v. North Carolina Prisoners' Union*, 433

U.S. 119, 125 (1977) (citation omitted). The courts, therefore, must balance prisoners'

First Amendment rights against the goals of the correctional facility. *Bell v. Wolfish*, 441

U.S. 520 (1979). Particularly, "when a prison regulation impinges on inmates'

constitutional rights, the regulation is valid if it is reasonably related to legitimate

penological interests." *Turner v. Safely*, 482 U.S. 78, 87 (1987).

Liberally construed, Plaintiff's amended complaint states a cause of action for

First Amendment religious freedom violations against Defendants for (1) allegedly not

making necessary religious oils available to Plaintiff by requiring them to be purchased

through the Commissary; (2) allegedly not making religious publications available to

Plaintiff by prohibiting their purchase from outside vendors.

### 5.  RLUIPA Claim

Plaintiffs also brings an injunctive relief claim against the IDOC and the

administrative defendants under RLUIPA, the Religious Land Use and Institutionalized

Persons Act of 2000, 42 U.S.C. § 2000cc. RLUIPA, which provides that "[n]o

government shall impose a substantial burden on the religious exercise of a person

residing in or confined to an institution . . . even if the burden results from a rule of

general applicability, unless the government demonstrates that imposition of the burden

on that person . . . is in furtherance of a compelling governmental interest and . . . is the

least restrictive means of furthering that compelling governmental interest." 42 U.S.C. §

INITIAL REVIEW ORDER BY SCREENING JUDGE -6

2000cc-1(a).

Under RLUIPA, the inmate bears the initial burden of showing that the prison's policy constitutes a substantial burden on the exercise of the inmate's religious beliefs. *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005). In determining whether an inmate's religious exercise is substantially burdened, a court may not inquire "into whether a particular belief is 'central' to a prisoner's religion." *Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005) (quoting 42 U.S.C. § 2000cc-5(7)(A)). However, "the Act does not preclude inquiry into the sincerity of a prisoner's professed religiosity." *Id.*

RLUIPA does not provide for damages against the states or state defendants in their *official* capacities because of Eleventh Amendment immunity. *See Sossamon v. Texas*, 131 S.Ct. 1651, 1663 (2011). Further, "there is nothing in the language or structure of RLUIPA to suggest that Congress contemplated liability of government employees in an individual capacity. *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014).

The proper state defendant in a § 1983 action seeking prospective injunctive relief is the one who "would be responsible for ensuring that injunctive relief was carried out, even if he was not personally involved in the decision giving rise to [the plaintiff's] claims." *Pouncil v. Tilton*, 704 F.3d 568, 576 (9th Cir. 2012).

Plaintiff may proceed on his RLUIPA claims centered on his religious oils and books against Defendants Tewalt and Ramirez in their official capacities. These defendants have charge over Plaintiff as a prisoner and can implement any injunctive

INITIAL REVIEW ORDER BY SCREENING JUDGE -7

relief orders.

### 6.  Defendants without Sufficient Allegations of Personal Participation

Plaintiff has not clearly set forth what each Defendant has done to violate his rights. Simply listing Defendants without particular dates or acts showing personal participation is insufficient. At this time, the Court will permit Plaintiff to proceed only against those Defendants who appear to have had some personal involvement in the claims for which Plaintiff is proceeding, and against the IDOC Director, who can enforce any injunctive relief orders. Plaintiff can petition the Court by submitting a proposed amended complaint to add in other Defendants if he makes a showing that they are state actors (e.g., Defendant David Tomlinson, a private religious volunteer who apparently simply followed the new policy) and that they participated in the alleged denials involved in the claims upon which Plaintiff is proceeding.

### 7.  Conclusion

Plaintiff may proceed on only those claims authorized above. This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claim(s) will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims. It is Plaintiff's burden to thoroughly set forth the legal and factual basis for each of his claims.

Plaintiff has also filed a Motion for a Temporary Restraining Order and

INITIAL REVIEW ORDER BY SCREENING JUDGE -8

Preliminary Injunction. Dkt. 9. Defendants shall file a response to the Motion with their Answer or Motion to Dismiss, and Plaintiff may file a reply, after which the Court will take it under consideration.

## ORDER

**IT IS ORDERED:**

1.      Plaintiff's Motion for Initial Review Order and to Expedite (Dkt. 11) is GRANTED to the extent that this Order has been issued.

2.      Plaintiff may proceed on the First Amendment and RLUIPA claims. He may proceed against *only* the following Defendants: Josh Tewalt, Chad Page, David Tomlinson, Alberto Ramirez, and Randy Valley.

3.      All other claims against all other Defendants are DISMISSED, and all other Defendants are TERMINATED as parties to this action. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to amend the complaint to assert such claims.[1]

4.      Defendants will be allowed to waive service of summons by executing, or

---

1 Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

INITIAL REVIEW ORDER BY SCREENING JUDGE -9

having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Complaint (Dkt. 3), a copy of this Order, and a Waiver of Service of Summons to the following counsel via the ECF system:

> **Mary Karin Magnelli**, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706, on behalf of Defendants Josh Tewalt, Chad Page, David Tomlinson, Alberto Ramirez, and Randy Valley.

5.    Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, indicating which individuals for whom service will not be waived.

6.    If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a

INITIAL REVIEW ORDER BY SCREENING JUDGE -10

notice of physical service addresses of the remaining Defendants, or claims against them will be dismissed without prejudice without further notice.

7.   The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

8.   Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

9.   Dispositive motions must be filed no later than 300 days after entry of this Order.

10.   Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

11.   The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of

INITIAL REVIEW ORDER BY SCREENING JUDGE -11

Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12.     All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

13.     No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

14.     Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case

INITIAL REVIEW ORDER BY SCREENING JUDGE -12

without further notice.

15.    Defendants shall respond to the pending Motion for Temporary

Restraining Order and Preliminary Injunction (Dkt. 9) with their

responsive pleading or motion.

DATED: September 13, 2022

B. Lynn Winmill
U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE -13